Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50022 | **DATE** | 3/31/2003 |
| **CASE TITLE** | Thomas, et al. vs. Honeywell Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment as to plaintiff Benson is granted. Plaintiff's claims against defendant are dismissed in their entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | MAR 3 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 3-31-03 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Anne Thomas, Victoria Robinson, Dorothy Turner and George Benson[1], all African-Americans, filed suit against defendant, Honeywell Corp., their employer, in state court alleging violation of 42 U.S.C. § 2000 et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Defendant removed the action to this court pursuant to 28 U.S.C. § 1441. Jurisdiction is proper under 42 U.S.C. § 2000e-5 (f) (3) and 28 U.S.C. § 1331. Defendant has separately moved for summary judgment against each defendant. This order deals with the claims of George Benson.[2] Plaintiff claims he was denied three promotions: Job 4457 (factory supervisor), Job 4655 (factory supervisor) and Job 4656 (team facilitator) because of his race.[3]

To establish a Title VII prima facie case for failure to promote "plaintiff must show that 1) he belongs to a protected class, 2) he applied for and was qualified for the position sought, 3) he was rejected for that position and 4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff." Grayson v. City of Chicago, 317 F.3d 745, 748 (7th Cir. 2003).[4] Persons who do not have "the same or equivalent positions are not similarly situated with respect to a potential promotion." Id. at 749. As to the two factory supervisor positions, the individuals selected for those positions were serving as team facilitators for defendant when they applied for the factory supervisor positions. (LR 56.1 (a) ¶¶ 20, 54) Plaintiff had no experience as a team facilitator. A team facilitator had greater interaction with supervisors than someone in plaintiff's job did. (Id. ¶¶ 21-23) While plaintiff disputes that the team facilitator position was supervisory, he concedes it involved "getting things done through others." (LR 56.1 (b) (3) (A) ¶ 20) Plaintiff does not present evidence his position at defendant involved even that level of supervision. Accordingly, plaintiff has failed to establish the individuals promoted were not better qualified than he and has therefore, failed to meet the fourth prong of the prima facie case.

Plaintiff also claims discrimination in promotion to a team facilitator position. In his LR 56.1 (b) statement of additional facts he states there is nothing in the record to substantiate whether the race of applicants for the position was considered and nothing to show how the applicants compared to one another in the selection process. (LR 56.1 (b) ¶¶ 39-40). If there is no evidence to show how the applicants compared, plaintiff cannot meet his burden of showing that the individual selected was not better qualified, and defendant would be entitled to summary judgment. See Grayson at 748. The record does reveal, however, that the person hired for the team facilitator position had, prior to applying, sought mentoring from her team facilitator and taken a presentation course offered by defendant. Plaintiff had never taken this presentation skills workshop offered by defendant. Plaintiff does not identify in his statement of facts any evidence he took any similar training offered by defendant. Plaintiff has failed to demonstrate that the person hired for this position was not better qualified than plaintiff. Plaintiff also argues there are no African-Americans in the team facilitator position in an apparent attempt to establish a pattern and practice of discrimination. However, his statement of facts cites no evidence to support this assertion, other than his own deposition testimony and affidavit (LR 56.1 (b) ¶ 38), which are insufficient to establish the fact. See Hall v. Bodine, 276 F.3d 345, 354 (7th Cir. 2002) ("conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact").

For the foregoing reasons, defendant's motion for summary judgment is granted. Plaintiff's claims against defendant are dismissed in their entirety with prejudice.

---

[1] Clarence Ellis was also a plaintiff whose case has been settled and dismissed.

[2] Benson will be referred to as "plaintiff" hereinafter.

[3] Plaintiff asks the court to strike paragraphs of Rob Rossi's affidavit. The court has not considered these paragraphs nor paragraphs 109 and 117 of defendant's statement of facts in deciding this motion.

[4] The same analysis applies to plaintiff's Section 1981 claim. Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 806 (7th Cir. 1999) (Section 1981), cert. denied, 530 U.S. 1204 (2000).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Anne Thomas, et al.             **JUDGMENT IN A CIVIL CASE**

v.             Case Number: 00 C 50022

Honeywell Micro Switch

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted as to the claims of plaintiff, Thomas. Thomas's claims against defendant are dismissed in their entirety with prejudice. Defendant's motion for summary judgment as to plaintiff Robinson is granted. Robinson's claims against defendant are dismissed in their entirety with prejudice. Defendant's motion for summary judgment is granted as to the claims of plaintiff, Turner. Turner's claims against defendant are dismissed in their entirety with prejudice. Defendant's motion for summary judgment as to plaintiff Benson is granted. Benson's claims against defendant are dismissed in their entirety with prejudice.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 3/31/2003

Susan M. Wessman, Deputy Clerk