Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50022 | **DATE** | 3/31/2003 |
| **CASE TITLE** | Thomas, et al. vs. Honeywell Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted as to the claims of plaintiff, Thomas. Thomas's claims against defendant are dismissed in their entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 3 1 2003 | date docketed | 114 |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to ~~judge~~/magistrate judge. ✓ | | 3-31-03 | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice SW mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Anne Thomas, Victoria Robinson, Dorothy Turner and George Benson[1], all African-Americans, filed suit against defendant, Honeywell Corp., their employer, in state court alleging violation of 42 U.S.C. § 2000 et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Defendant removed the action to this court pursuant to 28 U.S.C. § 1441. Jurisdiction is proper under 42 U.S.C. § 2000e-5 (f) (3) and 28 U.S.C. § 1331. Defendant has separately moved for summary judgment against each defendant. This order deals with the claims of Anne Thomas.[2] She claims disparate treatment in overtime opportunities in other departments in 1998 and her merit pay increase in 1998 and the existence of a racially hostile work environment.

To establish a Title VII race discrimination disparate treatment claim, or a claim under Section 1981, plaintiff must present direct evidence of discrimination or proceed under the indirect method. Plaintiff is proceeding under the indirect method. (Pl. Resp. p. 3) Under the indirect method, plaintiff must establish a prima facie case by showing (1) she belongs to a protected class; (2) she was meeting her employer's legitimate expectations; (3) she suffered a materially adverse employment action; and (4) other similarly situated employees were treated differently. See Traylor v. Brown, 295 F.3d 783, 788 (7th Cir. 2002) (Title VII); Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 806 (7th Cir. 1999) (Section 1981), cert. denied, 530 U.S. 1204 (2000). Plaintiff is a member of a protected class. A similarly situated employee is one who is directly comparable to plaintiff in all material respects. See Rogers v. City of Chicago, 320 F.3d 748, 755 (7th Cir. 2003).

As to the denial of overtime claim, plaintiff has failed to identify in her LR 56.1 (b) statement of facts a similarly situated individual. She simply asserts Caucasians were given the opportunity to work overtime in 1998 and she was not. It is undisputed that plaintiff is a screen maker and that she is the only one in the department. (LR 56.1 (a) ¶5) Plaintiff asserts in her LR 56.1 (b) statement of additional facts that she and her co-workers were equally qualified for overtime work in other departments, but cites only her own affidavit in support, (LR 56.1 (b) ¶ 6) which is insufficient to raise a triable issue of fact. See Hall v. Bodine, 276 F.3d 345, 354 (7th Cir. 2002) ("conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact").

Plaintiff also asserts she was discriminated against when a Caucasian employee, Jan Robards, received a higher pay increase in 1998. Plaintiff had received a higher increase than Robards the previous year. Again, plaintiff fails to present evidence that she and Robards were similarly situated. She and Robards had different job descriptions and performed different jobs. (LR 56.1 (a) ¶¶34-35) Plaintiff has not presented any evidence their positions were comparable. Therefore, they are not similarly situated. See Patterson v. Avery Dennison Corp., 281 F.3d 676, 680-81 (7th Cir. 2002) (where evidence in record shows that individuals held different positions they are not similarly situated).[3]

Plaintiff also advances a claim of a racially hostile work environment. However, her evidence shows she did not experience first-hand racial slurs but rather learned from others of co-workers' racial slurs and racist attitudes. (LR 56.1 (b) ¶¶21, 40) In order to be actionable, the discriminatory conduct must be severe and pervasive enough to alter the conditions of employment and create an abusive working environment. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270 (2001). The court must look at all the circumstances, including the frequency of the conduct, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with plaintiff's work performance. See id. at 270-71. Plaintiff's evidence on this issue is the testimony of the president of the local NAACP that defendant's vice president of operations said using the word "nigger" was a misdemeanor and no employee would be fired for saying it and that plaintiff was acutely aware that discriminatory conduct was taking place. (LR 56.1 (b) ¶¶21, 40) This evidence is insufficient to establish the activity was severe and pervasive. See Breeden, 532 U.S. at 270.

For the foregoing reasons, defendant's motion for summary judgment is granted as to the claims of plaintiff, Thomas. Thomas's claims against defendant are dismissed in their entirety with prejudice.

---

[1] Clarence Ellis was also a plaintiff whose case has been settled and dismissed.

[2] Thomas will be referred to as "plaintiff" hereinafter.

[3] The court also observes that as to both the raise and overtime issues, even if plaintiff were assumed to have established a prima facie case, she has not presented evidence to support a claim that defendant's actions were pretextual and defendant would be entitled to summary judgment on that basis as well.