# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50022 | **DATE** | 3/31/2003 |
| **CASE TITLE** | Thomas, et al. vs. Honeywell Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted as to the claims of plaintiff, Turner. Turner's claims against defendant are dismissed in their entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | MAR 3 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 15 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. ✓ | | 3-31-03 | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Anne Thomas, Victoria Robinson, Dorothy Turner and George Benson[1], all African-Americans, filed suit against defendant, Honeywell Corp., their employer, in state court alleging violation of 42 U.S.C. § 2000 et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Defendant removed the action to this court pursuant to 28 U.S.C. § 1441. Jurisdiction is proper under 42 U.S.C. § 2000e-5 (f) (3) and 28 U.S.C. § 1331. Defendant has separately moved for summary judgment against each defendant. This order deals with the claims of Dorothy Turner.[2] Plaintiff claims disparate treatment based on race in promotion and overtime, retaliation for filing OFCCP and EEOC charges, and a racially hostile work environment.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiff must present evidence sufficient to establish the existence of the elements essential to her case on all matters upon which she bears the burden of proof at trial to avoid summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Boyce v. Moore, 314 F. 3d 884, 889 (7th Cir. 2002). Plaintiff has not presented evidence pursuant to Local Rule 56.1 sufficient to defeat summary judgment.

To establish a Title VII prima facie case for failure to promote "plaintiff must show that 1) she belongs to a protected class, 2) she applied for and was qualified for the position sought, 3) she was rejected for that position and 4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff." Grayson v. City of Chicago, 317 F.3d 745, 748 (7th Cir. 2003).[3] Plaintiff does not present any evidence at all in her LR 56.1 (b) statement in support of disparate treatment in promotion. She states in her brief that she applied for and was qualified for an FN5 position, but there is no reference to facts in the record supporting this claim. As to her denial of overtime claim, her LR 56.1 (b) contains two paragraphs (¶¶ 4-5) in which she states without citation to the record that no African-American employee who was regularly assigned to Department 280 was offered inter-departmental overtime in departments supervised by Charmaine Munz or Yvonne Hayes. However, she cites to no evidence to support this claim. She presents no evidence that similarly situated employees who were not in the protected class received treatment different from plaintiff, an essential element of the claim. See Traylor v. Brown, 295 F.3d 783, 788 (7th Cir. 2002) (Title VII); Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 806 (7th Cir. 1999) (Section 1981), cert. denied, 530 U.S. 1204 (2000) (similarly situated employees being treated differently is an essential element of Section 1981 or Title VII disparate treatment claim.) She presents no evidence she was actually denied overtime. Similarly, she presents no evidence of retaliation or hostile work environment.

Because plaintiff has failed to present evidence pursuant to LR 56.1 which support her claims, she has failed to establish the existence of the elements essential to her case on all matters upon which she bears the burden of proof at trial to avoid summary judgment. See Celotex Corp., 477 U.S. at 322-23; Boyce, 314 F. 3d at 889. Defendant's motion for summary judgment is granted. Turner's claims against defendant are dismissed in their entirety with prejudice.

---

[1] Clarence Ellis was also a plaintiff whose case has been settled and dismissed.

[2] Turner will be referred to as "plaintiff" hereinafter.

[3] The same analysis applies to plaintiff's Section 1981 claim. Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 806 (7th Cir. 1999) (Section 1981), cert. denied, 530 U.S. 1204 (2000).